The TRAVELERS INDEMNITY COM-
PANY, a/s/o American Lung Asso-
ciation, Plaintiff,

v.

Nancy STEDMAN and Merrill Lynch,
Pierce, Fenner & Smith Incorpo-
rated, Defendants.

No. 93–3684.

United States District Court,
E.D. Pennsylvania.

April 15, 1996.

Elizabeth K. Ainslie, Philadelphia, PA, for Plaintiff.

William A. De Stefano, De Stefano & War-ren, P.C., Philadelphia, PA, for Merrill Lynch, Pierce, Fenner & Smith Incorporat-ed.

William J. Brennan, Virginia Hinrichs Mc Michael, Dilworth, Paxson, Kalish & Kauffman, Philadelphia, PA, Gerald E. Burns, III, Dilworth, Paxson, Kalish & Kauffman, Philadelphia, PA, for Main Line Federal Savings Bank Counter–Defendant.

## *MEMORANDUM*

LOWELL A. REED, Jr., District Judge.

Plaintiff the Travelers Indemnity Company ("Travelers") brings this action as subrogee of the American Lung Association of Philadelphia and Montgomery Counties ("ALA") against defendants Nancy Stedman and Merrill Lynch, Pierce, Fenner and Smith Incorporated ("Merrill Lynch"). This action arises out of losses sustained by ALA because of forgeries committed by defendant Stedman with respect to checks drawn on the Working Capital Management Account maintained by ALA with Merrill Lynch. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332 as the parties are of diverse citizenship and the amount in controversy is in excess of $50,000, exclusive of interest and costs.

Currently before the Court are the motion by defendant Merrill Lynch to vacate or modify the Order of this Court dated November 13, 1995 and the motion by plaintiff to add pre-judgment interest to the amount of the judgment. (Document Nos. 41, 40) For the following reasons, the motion by defendant Merrill Lynch will be granted in part and denied in part and the motion by plaintiff will be granted.

## I. BACKGROUND

In a Memorandum and Order dated November 13, 1995 ("November 1995 Order"), this Court granted summary judgment in favor of plaintiff and against defendant Merrill Lynch with respect some but not all of the checks forged by defendant Stedman. In that same Memorandum and Order, this Court entered judgment in favor of plaintiff and against Merrill Lynch in the amount of $96,304.20. Defendant Merrill Lynch filed a motion for reconsideration of the November 1995 Order, and that motion was denied by an Order of this Court dated December 28, 1995. After having met with parties, however-

er, the parties and this Court agreed that various errors had been made with regard to the calculations of the liability of defendant Merrill Lynch to plaintiff. In light of these undisputed errors, this Court in an Order dated March 14, 1996 ("March 1996 Order") modified the November 1995 Order to state that the judgment against defendant Merrill Lynch and in favor of plaintiff was in the amount of $86,870.89.

On April 4, 1996, defendant Merrill Lynch filed the instant motion to vacate or modify the November 1995 Order. In this motion, defendant Merrill Lynch argues that the November 1995 Order should be vacated or modified because of various alleged errors in that Order. Plaintiff concedes one of the alleged errors, but otherwise contests the instant motion by defendant. Plaintiff has also moved this Court to add pre-judgment interest to the judgment entered in its favor.

## II. DISCUSSION

Defendant Merrill Lynch fails to identify the legal basis for its instant motion. As the time under the Local Rules of Civil Procedure for filing a motion for reconsideration of either the November 1995 Order or the March 1996 Order had passed before the instant motion to vacate or modify was filed, the Court will assume that the instant motion is made pursuant to Federal Rule of Civil Procedure 60. *See* Local R.Civ.P. 7.1(g) (stating that motions for reconsideration must be served and filed within ten days after the entry of the judgment or order concerned). Rule 60 provides for relief from judgment or order based upon either clerical mistakes or:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged ...; or (6) any other reason justifying relief from the operation of the judgment.

Fed. Rule of Civ. P. 60(b).

Defendant Merrill Lynch argues that this Court erred in the November 1995 Order by

(1) granting judgment on forged checks upon which claims were not made by plaintiff in its amended complaint; (2) failing to reduce the judgment by the amount repaid by defendant Stedman; (3) failing to reduce the judgment by the amount of restitution defendant Stedman has been ordered to pay in her related criminal case; and (4) miscategorized two of the forged checks as containing a forged maker signatures when they bore at least one legitimate maker signature. Defendant also argues that the motion by plaintiff for pre-judgment interest should be denied. Each of these arguments will be addressed in turn.

## A. *Forged Checks Not Listed in Amended Complaint*

In its initial complaint, plaintiff asserted a claim against defendant Merrill Lynch for $124,568.23 based upon seventeen checks allegedly forged by defendant Stedman and drawn on the Working Capital Management Account ("WCM Account") maintained by ALA with defendant Merrill Lynch. Complaint ¶¶ 15–17, 23. The dollar amount sought reflected the total amount of the checks, $129,627.23, less $5,059 repaid by defendant Stedman to ALA. Complaint ¶¶ 18, 21. In its amended complaint, plaintiff reduced the amount of its claim to $119,225.23. Amended complaint ¶ 22. This reduced amount reflected the total of eleven of the checks allegedly forged by defendant Stedman and drawn on the WCM Account, less the $5,059 repaid by defendant Stedman to ALA. Amended complaint ¶¶ 15–16, 20. The six checks that were dropped from the amended complaint were check numbers 1586, 1980, 1982, 2475, 3128 and 3131, totalling $5,343. *Compare* complaint, Exhibits B, C, D *with* amended complaint Exhibits B, C. Defendant contends and plaintiff does not deny that these checks were dropped from the amended complaint because Continental Bank, the institution that accepted these checks for deposit, reimbursed ALA for the amount of these checks.

■ Despite the fact that plaintiff was no longer pursuing claims based upon these checks, both defendant Merrill Lynch and plaintiff asserted in their cross-motions for summary judgment that these checks were still at issue. As a result, when those cross-motions were decided by this Court in the November 1995 Order this Court (1) granted the motion by plaintiff for summary judgment with regard to five of these checks, numbers 1980, 1982, 2475, 3128 and 3131, totalling $5,143; (2) granted the cross-motion by defendant Merrill Lynch for summary judgment with regard to one of these checks, number 1586 made out in the amount of $200; and (3) entered judgment accordingly. The parties now agree that judgment should not have been entered with regard to these checks and so the November 1995 Order should be modified accordingly.

Given that this is a clear example of a mistake by everyone involved, including this Court, this Court agrees with the parties and so, pursuant to Rule 60(b)(1), will modify the November 1995 Order accordingly. Specifically, that Order will be vacated to the extent that it granted summary judgment to either party on these six checks, and, further, the amount of the judgment in favor of plaintiff will be reduced by $5,143. The judgment will also be modified to reflect a recalculation of the pro-rated share of the money repaid by Stedman, as will be detailed at the end of this Memorandum. *See infra* part II.E. As a result, the motion by defendant to vacate or modify the November 1995 Order will be granted in this respect.

## B. *Amount Repaid by Stedman*

Defendant Merrill Lynch also argues that the judgment entered in the November 1995 Order should be modified to reflect the $5,059 repaid by defendant Stedman to ALA. Defendant Merrill Lynch has apparently missed the fact that the Court did reduce the judgment by a pro-rated share of this payment, both in the November 1995 Order and in the March 1996 Order. *See* November 1995 Order, at 13; March 1996 Order ¶¶ 4–6. But as the resolution of the various arguments by defendant Merrill Lynch may require a recalculation of this pro-rated share, a recalculation of that pro-rated share will be made at the end of this Memorandum. *See infra* part II.E.

### C. *Restitution Ordered*

Defendant Merrill Lynch also argues that the judgment should be reduced by the amount of restitution, $14,287, that defendant Stedman has been ordered to pay as a result of her related criminal trial. While plaintiff does not contest that defendant Stedman has been ordered to pay restitution in this amount, it argues that defendant Merrill Lynch has failed to produce any legal authority in support of its position, especially given that there is no evidence that defendant Stedman has actually paid any much less all of this restitution to date.

■ This Court agrees with plaintiff. Absent any evidence that either all or a portion of this amount has been paid, and absent any legal authority for reducing a judgment based upon the award of restitution in a criminal case, this Court will not modify or vacate the judgment already entered. This Court also notes that there exists a separate ground for rejecting this argument: this request by defendant Merrill Lynch is untimely. Although defendant does not contend that it was unaware of the restitution order at the time that the cross-motions for summary judgment were pending, defendant fails to provide any excuse for why it did not raise this argument at that time or, at the latest, in its motion for reconsideration of the November 1995 Order. As a result, the motion by defendant Merrill Lynch to vacate or modify the November 1995 Order to the extent that it is based upon the restitution owed by defendant Stedman will be denied both as untimely and as unsupported by law or evidence.

### D. *Incorrectly Categorized Checks*

Finally, defendant argues that two checks, numbers 2390 and 2783, were miscategorized in the November 1995 Order as containing forged maker signatures when they only contained forged endorsements. This categorization was crucial, as judgment was entered in favor of plaintiff on checks containing forged maker signatures but the checks containing only forged endorsements are still in dispute. *See* November 1995 Order, at 15. Plaintiff responds that while check number 2390 was erroneously listed in the incorrect

exhibit to the Amended Complaint as only containing forged endorsements, the undisputed evidence submitted in connection with the cross-motions for summary judgment established that this check did indeed contain forged maker signatures. And with regard to check number 2783, plaintiff agrees that this check had a stamped signature of an authorized signatory for the WCM Account, but further notes that the undisputed evidence shows that defendant Merrill Lynch was never authorized by ALA to accept stamped signatures.

Plaintiff is correct on both counts. The error in the amended complaint is confirmed by the fact that the totals in Schedule B of the amended complaint, listing checks containing forged maker signatures, is incorrect without the addition of check number 2390 for $5,200. *See* amended complaint ¶ 15 and Schedule B. In addition, Schedule C of the amended complaint, which lists the checks containing only forged endorsement and contains check number 2390, also shows a total which is too low by exactly the amount of check number 2390, that is $5,200. *See id.* ¶ 16 and Schedule C. Finally, the affidavit of Patty Cline, which was attached to the motion by plaintiff for summary judgment as Exhibit A, states that check number 2390 contained two forged maker signatures. Cline Aff. ¶ 4 and Exhibit 1. Defendant Merrill Lynch has not produced any evidence that would contradict this statement.

With regard to check number 2783, it is correct that this check had as one of its maker signatures a signature stamp for an apparently authorized signer for the WMA Account. *See* Cline Aff., Exhibit 1. But, as plaintiff notes, there is undisputed evidence in the record that demonstrates that defendant Merrill Lynch was never authorized by ALA to accept any type of facsimile signature. *See* Cline Aff. ¶ 6. In light of this still undisputed evidence, this Court concludes that the categorization in the November 1995 Order of check number 2783 was correct.

■ This Court also notes that both of these arguments by defendant Merrill Lynch are untimely. The amended complaint was filed on October 13, 1994 and the affidavit of

Patty Cline was submitted as an exhibit to the motion by plaintiff for summary judgment, and so defendant Merrill Lynch was undoubtedly aware of the factual basis for its instant arguments at the time it filed its cross-motion for summary judgment. But despite this knowledge, defendant Merrill Lynch failed to raise either of these arguments in its briefs filed in connection with the cross-motions for summary judgment or in its motion for reconsideration of the November 1995 Order. As a result, these arguments will also be rejected on the separate ground that they are untimely.

In light of these conclusions, the motion by defendant Merrill Lynch to vacate or modify the November 1995 Order, to the extent it is based on these miscategorization arguments, will be denied.

### E. *Correct Judgment Amount*

Before addressing the issue of pre-judgment interest, it is necessary to determine what judgment should have been entered in favor of plaintiff and against defendant Merrill Lynch in the November 1995 Order. As detailed in the above discussion, judgment was incorrectly entered in favor of plaintiff on check numbers 1980, 1982, 2475, 3128, and 3131. An examination of the November 1995 Order reveals that this leaves standing the judgment in favor of plaintiff on seven checks, check numbers 2390, 2609, 2675, 2783, 2918, 3061 and 3180. These checks total $85,254.01. The four checks that are still in dispute are numbers 1639, 1731, 1883 and 2142. These checks total $39,030.22.

This judgment must be reduced, as discussed in the November 1995 Order, by a pro-rated share of the $5,059 actually repaid by Stedman. *See* November Order, at 13. The total amount of the eleven checks is $124,284.23. Of that amount, judgment should have been entered in favor of plaintiff on $85,254.01 or 68.6% of that amount. The judgment for plaintiff of $85,254.01 should therefore be reduced by 68.6% of $5,059 or $3,470.47. This reduction results in a net judgment of $81,783.54 in favor of plaintiff and against defendant Merrill Lynch. The November 1995 Order will be modified to reflect this now correct amount.

### F. *Pre-judgment Interest*

■ Plaintiff has moved this Court for pre-judgment interest on the amount of the judgment entered in its favor. Defendant Merrill Lynch opposes this motion based on its argument that because ALA has been fully reimbursed by plaintiff, plaintiff, as subrogee for ALA has no right to pre-judgment interest. *See Commonwealth to Use of Willow Highlands Co. v. Maryland Casualty Co.,* 369 Pa. 300, 85 A.2d 83, 87 (1952) (holding that a subrogee lacks standing to sue as a subrogee unless the subrogor has a cause of action against the defendant). But if ALA was filing suit in its own right because it had not been reimbursed by plaintiff, it would undoubtedly have a right to pre-judgment interest. *See Gold and Co., Inc. v. Northeast Theater Corp.,* 281 Pa.Super. 69, 421 A.2d 1151, 1154 (1980) (holding that in a breach of contract action, prejudgment interest is a legal right). And so plaintiff, as subrogee to ALA, has such a right.

Defendant also notes that ALA failed make a demand of defendant Merrill Lynch for the funds allegedly owed by defendant Merrill Lynch and that plaintiff here failed to make such a demand prior to filing the complaint in this case. While conceding that such a demand may not be necessary in all cases, defendant Merrill Lynch argues that since defendant Stedman is primarily responsible for the loss at issue here and it is only secondarily responsible, such a demand was required. Defendant has, however, failed to cite any legal authority to support its position and absent such authority this Court finds no basis for denying the motion by plaintiff for pre-judgment interest. Defendant also makes no objection to the pre-judgment interest of 6% put forward by plaintiff, nor to the four year time period used by plaintiff for the accumulation of that interest, nor to the calculation of that simple interest on $81,783.54 as $19,628.05. As this Court finds that this interest rate, time period and calculation are accurate and in conformity with Pennsylvania law, this Court will award that amount of interest. *See* 42 Pa. Cons.Stat. Ann. § 8101. The judgment for plaintiff and against defendant Merrill Lynch will there-

fore be increased from $81,783.54 to $101,411.59, reflecting pre-judgment interest of $19,628.05.

## III. CONCLUSION

For the foregoing reasons, the motion by defendant Merrill Lynch to vacate or modify the Order of this Court dated November 13, 1995 will be granted in part and denied in part and the motion by plaintiff to add prejudgment interest to the amount of the judgment will be granted. Specifically, the November 1995 Order will be vacated to the extent that it granted summary judgment to plaintiff on check numbers 1980, 1982, 2475, 3128 and 3131 and to the extent that it granted summary judgment to defendant on check number 1586. In addition, the November 1995 Order, as modified by the March 1996 Order, will be further modified so as to enter judgment in favor of plaintiff and against defendant Merrill Lynch in the amount of $81,783.54, and an additional judgment of $19,628.05, reflecting pre-judgment interest on the $81,783.54, will be entered in favor of plaintiff and against defendant Merrill Lynch.

An appropriate Order follows. ·

## *ORDER*

**AND NOW**, this 11th day of April, 1996, upon consideration of the motion by defendant Merrill Lynch, Pierce, Fenner & Smith ("Merrill Lynch") to vacate or modify the Order of this Court dated November 13, 1995 (Document No. 41) and the motion by plaintiff to add pre-judgment interest to the amount of the judgment entered by the Order of this Court dated November 13, 1995 (Document No. 40), and the various responses by the parties to these two motions, it is hereby **ORDERED** for the reasons set forth in the foregoing memorandum that the motion by defendant Merrill Lynch to vacate or modify is **GRANTED IN PART** and **DENIED IN PART** and that the motion by plaintiff to add pre-judgment interest is . **GRANTED. IT IS FURTHER ORDERED** that the Memorandum Opinion and Order in this action dated November 13, 1995 is **VACATED** to the extent that it granted the motion by plaintiff for summary judgment with· respect to the claims of plaintiff relating to check numbers 1980, 1982, 2475, 3128, and 3131 drawn on the Working Capital Management Account maintained by the American Lung Association ˙of Philadelphia and Montgomery Counties with Merrill Lynch, Pierce, Fenner & Smith and to the · extent that it granted the cross-motion by defendant Merrill Lynch for summary judgment and entered judgment in favor of defendant Merrill Lynch and against plaintiff with respect to the claims of plaintiff relating to check number 1586 drawn on the Working Capital Management Account maintained by the American Lung Association of Philadelphia and Montgomery Counties with Merrill Lynch, Pierce, Fenner & Smith.

**IT IS FURTHER ORDERED** that the Memorandum Opinion and Order in this action dated November 13, 1995, as modified by the Order in this action dated March 14, 1996, is **MODIFIED** as follows:

a. On page 2 of the Order dated November 13, 1995, the paragraph that was replaced by the Order dated March 14, 1996 and which states that "**JUDGMENT IS HEREBY ENTERED** in favor of plaintiff the Travelers Indemnity Company and against defendant Merrill Lynch, Pierce, Fenner & Smith in the amount of $86,870.89." is **DELETED**; and

b. The paragraph "**JUDGMENT IS HEREBY ENTERED** in favor of plaintiff the Travelers Indemnity Company and against defendant Merrill Lynch, Pierce, Fenner & Smith in the amount of $81,783.54." is **SUBSTITUTED** in its place.

In addition to the judgment entered in the Order dated November 13, 1995, as modified by the instant Order, **JUDGMENT IS HEREBY ENTERED** in favor of plaintiff the Travelers Indemnity Company and against defendant Merrill Lynch, Pierce, Fenner & Smith in the amount of $19,628.05, reflecting pre-judgment interest on the $81,783.54 awarded to plaintiff.

The total **JUDGEMENT** in favor of plaintiff the Travelers Indemnity Company and

against defendant Merrill Lynch, Pierce, Fenner & Smith is therefore $101,411.59.